# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## McCULLOUGH v. DASHIELL.

### May 17th, 1888.

#### Absent, *Lewis,* P., and *Richardson,* J.

1. RES JUDICATA—*Married women parties.*—All questions involved in an appeal are finally adjudicated, whether distinctly raised and passed on below and here, or not; and a married woman, when she is a party, is bound by the proceedings in court.
2. IDEM—*Case at bar.*—Husband filed his bill to enjoin sale of land conveyed in trust by himself and wife. Later, the circuit court decreed that wife be made a party. She attempted to unite in the amended bill as co-plaintiff by suing by her next friend; but the court decided that she should sue simply as a co-plaintiff with her husband. From this decision she did not appeal. But from the final decree the defendant did appeal, and the decree was reversed. Thereupon, she, by her next friend, filed her bill for an injunction to the sale of said land on the same ground which had been set up in the former bill;

HELD:

> She was a party jointly with her husband in the former suit; and, though a married woman, she is bound by the final decree of this court therein; and the matters set forth in the second bill were *res judicata.*

Appeal from decrees of corporation court of city of Norfolk, rendered, respectively, July 1st, 1884, October 8th and 18th, 1884, and June 13th, 1885, in a chancery suit wherein Mary E. O. Dashiell, a married woman suing by her next friend, was complainant, and A. A. McCullough, William Lamb, trustee, and others were defendants. The object of the suit was to enjoin the sale by said trustee of certain land conveyed to him in trust by Charles Dashiell and the said Mary, his wife, to secure the payment of two notes payable to the said McCullough. This appeal is a sequel to the case of *McCullough* v.

*Dashiell,* which is reported in 78 Va. Reports, page 634. From the report of this case it appears that on February 10, 1872, Charles Dashiell filed his bill and obtained an injunction restraining said Lamb, as trustee, from selling said real estate under said trust. The grounds of the injunction were: that the notes had been paid,· partly with money expressly appropriated to that object by Dashiell, and partly with money which came into McCullough's hands and ought to have been, if it were not, so appropriated. At a later day the circuit court, without deciding any question in the cause, decreed that the injunction be dissolved, unless within a certain time the plaintiff should amend his bill, making his wife a party. Accordingly, an amended bill was filed, in which the wife, suing by her next friend, H. L. Worthington, was joined as a party plaintiff. In this amended bill the same and additional grounds of injunction were set up. The defendant, McCullough, demurred to this bill on the ground that it alleged new matter and made a new case, and because it was filed in the name of the female plaintiff by her next friend. The demurrer was overruled. But the court being of opinion that the female plaintiff should have been a co-plaintiff with her husband, it was ordered that the name of the next friend be stricken out, and that the cause proceed in the name of Dashiell and wife as plaintiffs therein. The proceedings terminated in a final decree for the plaintiff, perpetuating the injunction and commanding Lamb, the trustee, and McCullough, the beneficiary, to execute a proper deed releasing the said land from the said trust lien. From this decree McCullough appealed. See 78 Va. 634. By this court the decree was reversed and the injunction dissolved.

*Walke & Old,* for the appellant.

*John S. Wise,* for the appellee.

LACY, J., delivered the opinion of the court.

This is the same controversy, between the same parties in interest, concerning the same subject-matter, which was decided in this court on the 21st of February, 1884, and which is reported in full, with the opinion of this court and the decree rendered in accordance therewith, in 78 Va. 634, which was certified to the corporation court of Norfolk city on the 23d of May, 1884, when a decree was entered in the said corporation court in accordance with the decree of this court herein, and a special commissioner was appointed to sell the real estate, which was the subject of controversy in that suit, which was proceeded with so far as to advertise the same for sale on the 7th day of July, 1884. Whereupon, the appellee, Mary E. O. Dashiell, a married woman, filed her bill praying an injunction to the said sale, and setting up the same defenses set up in the suit decided in this court February, 1884, above referred to, and the newly-discovered fact that one payment of $500, for the purchase price of her land sold, had been paid directly to the appellant, who had misapplied the credit as set forth in the other suit of Charles Dashiell and wife against McCullough, and that the same had not been converted by her husband to his own possession and then misapplied to the McCullough debt, as had been supposed by her, but had been paid directly to McCullough, who had misapplied the credit. And she also claimed that the debts were usurious, and claimed the right to make the defense now because she had had no day in court, and the learned judge of the corporation court, in an elaborate and able argument (which is presented in full to this court by the learned counsel for the appellee in lieu of his brief,) sustains these pretensions and perpetuates the injunction; holding that a wife was entitled to bring such suit by her next friend, and that the former decree was no decree as to her, (1) because there was no decision on these points in the former case, but, as they might have been if she was a party, the essential inquiry was whether Mrs. Dashiell was a party to the former suit, and bound by the proceedings therein. It is then set forth that the former suit was instituted by the husband alone, but that after its institution she was required, by decree

in the cause rendered, to be made a party plaintiff or defendant. That she sought to unite in the amended bill as co-plaintiff, suing by her next friend, but the lower court compelled her to sue as co-plaintiff with her husband and refused to allow her to sue by her next friend, and therefore in such suit the wife was not bound by the proceedings; that it was the husband's suit, and the wife was not bound; that a suit by husband and wife in right of the wife is a suit by the husband only, and the wife is not bound. *Harrison* v. *Gibson*, 23 Gratt. 212, and authorities cited. See also *Blackwell* v. *Bragg*, 78 Va. 535. This was the joint suit of the husband and wife to enjoin the creditor of the husband from enforcing a lien created by them both in the mode prescribed by the statute as to the property of married women. They were both parties, and when the wife sought to prosecute the suit on her part, by her next friend, her claim was rejected by the lower court, and she was compelled to proceed as co-plaintiff with her husband. From this she never appealed, but, if the question can be regarded as involved in that appeal, then, in either event, it was decided against her here, and her petition for a rehearing was rejected and denied. This decree is final as between the parties; is final as to the lower court; and is in like manner final as to this court; and upon this appeal this court cannot review that decree, because it is final everywhere. *Campbell* v. *Campbell*, 22 Gratt. 672; *Hill* v. *Woodward*, 78 Va. 765; *Stuart* v. *Preston*, 80 Va. 625.

It is true that Mrs. Dashiell is a married woman, but she was a party to the suit, and judicial proceedings bind the parties to them, whether the parties are capable of binding themselves out of court or not; whether they be insane persons, married women, or others under disabilities. Proceedings in court bind a married woman when she is a party. If Mrs. Dashiell had any equities against her husband and sought to set them up, and was refused relief by the lower court, she was bound by that decree until it was reversed; and, if it was involved in the appeal, it was affirmed by the decree of this court unless reversed. Whatever grievances she may have in the premises, it is too late, when the

case has been decided against her finally here, to bring a new suit by her next friend. The litigation is at an end, and, if any injustice has been done her in that suit, she nevertheless has exhausted her resources for redress in that suit, and her present suit cannot be entertained for any purpose. It is unprofitable and a vain thing to speculate in the lower court upon a question in this court which has been the subject of its consideration and final adjudication. Whether it is said to be harsh, admitted to be nevertheless not without authority, or declared to be altogether erroneous, it all amounts to nothing; and although this court may be of opinion that it is only necessary to notice certain questions as they are decisive of the case, yet all questions involved in the appeal are finally adjudicated, whether distinctly raised and passed on below and here or not. If they are involved and might have been passed on, it is enough. *Blackwell* v. *Bragg, supra; Campbell* v. *Campbell, supra; Adams* v. *Railroad Co.*, 76 Va. 913. The doctrine of *res judicata* applies to all matters which existed at the time of giving the judgment or rendering the decree, and which the party had the opportunity of bringing before the court. *Hopkins* v. *Lee*, 6 Wheat. 109. As was said by Mr. Justice Clifford in *Aurora City* v. *West*, 7 Wall. 82–103, "courts of justice, in stating the rule, do not always employ the same language; but where every objection urged in the second suit was open to the party within the legitimate scope of the pleadings in the first suit, and might have been presented at that trial, the matter must be considered as having passed *in rem judicatam*, and the former judgment in such case is conclusive between the parties." *Lee* v. *Kingsbury*, 13 Tex. 68 ; *Supervisors* v. *Mineral Railroad Co.*, 24 Wis. 124. It is clear that the corporation court ought to have dismissed the bill of the plaintiff, and the decrees appealed from, which reopen these matters, are erroneous, and must be reversed and annulled.

DECREES REVERSED.