# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GORDON ET ALS. V. RIXEY'S ADM'R AND AL.

### APRIL 24th, 1890.

1. EQUITABLE SET OFF—*Case at bar.*—B. had judgment against R. for a large sum. Afterwards R. as surety on B.'s official bond as county treasurer, was compelled to pay a larger sum. Previously B. had assigned all his property, except his claim against R., to S. as trustee, and S. claiming the judgment by some "parol trust," directed it to be marked for his benefit as such trustee: *held*, R. is entitled in equity to set off the amount paid by him as B.'s surety against the judgment in the hands of S., who, at most, could only take it subject to all equities against B.

2. CONTRIBUTION.—When surety has paid more than his portion of a joint debt, he can demand contribution from his co-surety, but only for the excess he paid over his portion.

Appeal from decree of circuit court of Fauquier county rendered September 10, 1888, in the chancery cause, styled Rixey's administrator against P. M. Rixey. The decree being adverse to Charles H. Gordon and other co-sureties of himself and John H. Rixey (the appellee), on the official bond of S. F. G. Beale, and as county treasurer, they appealed. Opinion states the case.

*Brooke & Scott*, for the appellants.

*A. D. Payne* and *Rixey & Barbour*, for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The facts of the case which we have to consider are, that, in 1872, S. F. G. Beale was elected treasurer of Fauquier county, and qualified as such, by executing his official bond, with William Beale, Charles H. Gordon, James W. James, John H. Rixey, and Wellington Millon as his sureties.

The said treasurer, S. F. G. Beale, on the 15th day of November, 1872, executed a deed of trust to R. Taylor Scott, trustee, to indemnify and save harmless his said sureties from loss by reason of their said suretyship, by which he conveyed to said trustee certain real estate in Fauquier county, and personal property, consisting of a number of cattle, horses and sheep, all his household and kitchen furniture, his farming implements, and nothing more.

The said treasurer, S. F. G. Beale, defaulted, and failed to pay the public revenue collected by him; and, at the March term, 1875, of the circuit court of the city of Richmond, two judgments were obtained against him and William Beale, Charles H. Gordon, J. W. James and John H. Rixey, his sureties, in favor of the commonwealth, on account of this default, aggregating $16,013 17, with interest from March 2d, 1875, and $10 74 costs.

In October, 1874, S. F. G. Beale brought suit against John H. Rixey, filing, with his declaration, an itemized account of his claim, showing many large and various transactions of mutual debit and credit, running through several years. Offsets were pleaded and filed by Rixey, covering the whole amount of Beale's claim, and more. John H. Rixey died in July, 1875, pending this suit, which was revived against John F. Rixey, his administrator. The matters in controversy were finally submitted to arbitration, and on the 29th day of August, 1877, the arbitrators made their award, " that S. F. G. Beale do recover of John F. Rixey, administrator of John H. Rixey, the sum of $3,624 00, with interest from May 1, 1873, to be paid out of the assets of his testator." At the September term, 1877, of the circuit court of Fauquier county, the

said award was made the judgment of the court; and it was then marked, at the request or direction of R. Taylor Scott, for the benefit of R. Taylor Scott, trustee of S. F. G. Beale.

S. F. G. Beale was utterly insolvent, and R. Taylor Scott, the trustee in the deed of indemnity, had executed the trust by a sale of the property conveyed, and the real estate was consumed by prior liens, and the personal property produced a net sum of $900 only. An act of the general assembly of February 7th, 1884, authorized the auditor of public accounts to "accept from William Beale, Charles H. Gordon, J. W. James, Wellington Millon, and the estate of John H. Rixey, sureties of S. F. G. Beale, late treasurer of Fauquier county, Riddleberger bonds at their par value for the indebtedness of said Beale to the commonwealth of Virginia." On the 13th of December, 1884, the clerk of the circuit court of Fauquier county endorsed the judgment of S. F. G. Beale against John H. Rixey's administrator, at the request or direction of R. Taylor Scott for his benefit as trustee of S. F. G. Beale. This endorsement was made, like as the endorsement upon the award, without the knowledge or assent of John H. Rixey's administrator. This, then, was the situation. S. F. G. Beale had a judgment against the estate of John H. Rixey, deceased, for $3,624, with interest from May 1st, 1873; and John H. Rixey's estate was bound, with his co-sureties of Beale, to the commonwealth of Virginia, for the sum of $16,013 17, with interest aforesaid, and the costs, for Beale's default as treasurer aforesaid.

The issues involved in this appeal are raised by two petitions filed in the cause of Rixey's Administrator against P. M. Rixey and others, which is a creditor's bill filed by John H. Rixey's administrator, *c. t. a.*, to administer the estate of his testator. The one petition of R. Taylor Scott, trustee of S. F. G. Beale, and the other by the appellants, Charles H. Gordon, one of the sureties of S. F. G. Beale, and L. D. Beale, administrator of William Beale, another surety. The claim set up by the said petitions is, that the judgment recovered by S. F. G. Beale

against John H. Rixey's administrator for the sum of $3,624, with interest from May 1st, 1873, is a trust fund to be collected by the trustee, R. Taylor Scott, and after paying therefrom one-fourth thereof to Messrs. Brooke & Scott, attorneys for S. F. G. Beale, the residue is to be held by the said trustee for the benefit of the sureties of S. F. G. Beale; and that the estate of John H. Rixey has no equitable right of set-off against the judgment on account of its liability and payments actually made by Rixey's estate for S. F. G. Beale's default as treasurer, to the commonwealth of Virginia.

John F. Rixey, administrator *c. t. a.* of John H. Rixey, deceased, answered the petition of R. Taylor Scott, trustee, and A. D. Payne, who had been appointed administrator *d. b. n. c. t. a.* of said John H. Rixey, answered the petition of the appellants, Charles H. Gordon and L. D. Beale, administrator of William Beale, denying, in toto, this claim, and asserting the right of set-off on the part of Rixey's estate on account of its liability as surety of S. F. G. Beale, and insisting that the estate of their testator, John H. Rixey, shall have credit against the said judgment for the amount of $4,995 01, expended from moneys belonging to the estate of John H. Rixey, in the purchase of Riddleberger bonds, which were turned over to the auditor of public accounts under authority of the act of February 7th, 1884, in discharge, pro tanto, of the judgment in favor of the commonwealth against S. F. G. Beale, treasurer, and his sureties, as aforesaid, several years before the filing of the said petitions of the appellants in the suit of. Rixey's administrator against P. M. Rixey and others. By a decree entered in the said cause on the 17th of April, 1885, among other things, it was ordered that a master commissioner of the court do report on the petition of R. T. Scott, trustee. The master returned his report, and presented to the court alternate statements—the one in accordance with the views presented by the petitioners and the other based on the position taken by the appellees, that the estate of John H. Rixey is entitled

as against the judgment of S. F. G. Beale to an off-set to the extent of payments made by it for Riddleberger bonds turned over to the auditor of public accounts. On the 10th of September, 1888, the court entered the decree complained of, adopting the commissioner's report so far as it conformed to the views presented by Rixey's administrator in his answer to the petitions, and ordering the said administrator to pay over to L. D. Beale, administrator of William Beale, deceased, out of the assets of his testator, the sum of $1,087 86, with interest from July 18th, 1884.

L. D. Beale, administrator of William Beale, deceased, and Charles H. Gordon are the only appellants; R. Taylor Scott, trustee, did not appeal. None of the sureties of S. F. G. Beale, treasurer, paid anything on account of the judgment of the commonwealth against him and his sureties except John H. Rixey's estate and William Beale. They discharged the whole judgment. The record shows that John H. Rixey's estate paid more of this judgment than William Beale, his co-surety, and that Charles H. Gordon paid only about $350. A surety can only call for contribution when he has paid more than his proportion of the joint debt, and then only for the excess. In the deed of trust from S. F. G. Beale, executed November 15th, 1872, to R. Taylor Scott, trustee, to indemnify and save harmless his sureties in his official bond as treasurer, he conveyed a tract of land and his horses, cattle, sheep, household and kitchen furniture, and farming implements, but made no mention of, or reference whatever, to any claim against J. H. Rixey; and Rixey's liability for his principal, S. F. G. Beale, had been fastened upon him long before there was any suit by Beale against him, and, of course, before there was any "understanding" or "parol trust" of the judgment obtained by Beale against Rixey's estate by virtue of the assignment made by R. Taylor Scott of the judgment to himself as trustee. It is conceded that S. F. G. Beale is utterly insolvent, and that the assignment by virtue of the endorsement upon the judg-

ment, made by the direction of R. Taylor Scott, trustee, was without the knowledge or assent of Rixey's administrator. Rixey had incurred a great liability on account of his principal, Beale; his estate has paid large sums on account of this liability. Beale has obtained judgment against the estate of Rixey, and it is claimed now to deny and defeat the right of Rixey's estate to his equitable set-off by an assignment not made in writing, but alleged to arise from an " understanding" and a "*parol trust.*" Beale was insolvent, and even had he, in fact, assigned his judgment to Scott, trustee, or to any one else whomsoever, Rixey was then, and for long time previous, bound as his surety, and the assignee would take subject to all the equities affecting it in the hands of the assignor. In *Feazle* v. *Dillard*, 5 Leigh, 34, Judge Tucker, P., said: " Nothing is better established than that the assignee takes the obligation assigned to him subject to the same equity that affected it in the hands of the obligee." Dillard held Feazle's bond payable January, 1820. After it became due he assigned it to Campbell; but before notice of the assignment, Feazle became Dillard's surety on his bond to Burd, payable in 1822. Dillard became insolvent. This court held that Feazle was entitled, in equity, to set off the amount of the Burd bond, though not due, against his own bond to Dillard in the hands of Campbell. The claim of Messrs. Brooke & Scott to their fee as attorneys for Beale as against Rixey's right of set-off is disposed of by the case of *Feazle* v. *Dillard*, *supra*. But the case of *Marshall & Fisher* v. *Cooper*, 43 Md., 36, is exactly in point. Marshall & Fisher, a legal firm in Baltimore, brought suit for one Utterback against one Cooper, making a contract for one-third of the recovery. They obtained a judgment against Cooper for $6,000. At the time that this judgment was obtained Cooper was suing Utterback in the courts of Virginia for a much larger amount. Marshall & Fisher issued execution against Cooper for the amount of their one-third interest in the judgment, claiming, by virtue of the assign-

ment and the attorney's lien for fees, that their equity was superior to Cooper's equitable right of set-off. Cooper enjoined them, and the Maryland court held that Cooper was entitled to the equitable right of set-off not only against Utterback, but against the parties to whose use the judgment was entered; that as against this equitable right of set-off Marshall & Fisher were not entitled to any lien upon the judgment growing out of their contract for professional services; that the insolvency of Utterback furnished a sufficient ground for the interposition of a court of equity to enable the debtor Cooper to avail himself of the off-set. See, also, Waterman on Set-off, sec. 14, p. 344-5, 395-7; Kerr on Injunction, 68; Bispham's Equity, 35; 16 Wend., 446.

The case of *Spilman* v. *Payne*, 84 Virginia (Hansbrough), is relied on by the appellants in this case. There is not the remotest analogy between that case and this. Rixey, being one of the sureties of Beale, assisted him in the work of his office as treasurer, and any debt growing out of this agency could have been sued for and recovered by Beale; but the judgment would be a personal one, and of no higher character than any other judgment obtained on transactions between the parties, unless Beale, as principal, could lay his hands on some specific fund which belonged to him and which he could earmark in the hands of Rixey, his agent, or his administrator. The state made no claim to Rixey's private debt to Beale; and Rixey, so far from admitting that it was the commonwealth's and paying it into the treasury, claimed that it was Beale's debt, and that, upon a due settlement of their varied accounts and mutual indebtedness, that nothing was due from him to Beale. Beale is insolvent, and Rixey's estate is likewise; and the record shows that Rixey's estate will not pay his creditors. The decree of the circuit court of September 10th, 1888, appealed from, is plainly right, and our judgment is to affirm it.

DECREE AFFIRMED.