# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## DIEHL v. MARCHANT.

### February 12th, 1891.

1. RES JUDICATA—*Rule.*—When matter alleged in second suit between same parties, was either actually litigated, or might have been, under the issues, in the first suit, the judgment in the first may be set up as a bar to the second suit. *Fishburne* v. *Ferguson*, 85 Va., 321.

2. IDEM—*Case at bar.*—Decree dissolving injunction awarded grantors in trust deed restraining purchaser from taking possession of the land because substituted trustee had been appointed without notice under Code, sec. 3420, is conclusive on the grantor's rights, who failed to appeal in time, and is a bar to their petition based on same ground for rehearing order of appointment.

Appeal from decree of circuit court of Middlesex county, rendered March 18th, 1889, in the suit wherein the appellants, Daniel Diehl and Jane T. Diehl, his wife, were complainants, and J. R. Marchant was defendant. Opinion states the case.

. *Joseph Christian* and *Thomas G. Jones*, for the appellants.

*Pollard & Sands*, for the appellee.

LACY, J., delivered the opinion of the court.

The case is as follows: On the 8th day of March, 1880, J. R. Marchant and wife, in consideration of $1,133.50, conveyed a certain tract of land in said county to Jane T. Diehl, wife of Daniel Diehl. By trust-deeds of even date the said Jane T. Diehl

and Daniel Diehl conveyed the same land in trust to secure
the sum of $504.13, the balance unpaid of the purchase-money,
to T. B. Rowe, trustee. The said trustee died without execut-
ing the trust. On the 27th of October, 1886, the county court
of Middlesex, on the motion of the said J. R. Marchant, ap-
pointed W. W. Woodward trustee to execute the said trust in
the place of the said T. B. Rowe, who had died. On the 24th
of November, 1886, the said W. W. Woodward, trustee, sold
the said land at public auction, and J. R. Marchant became
the purchaser of the same at the price of $700, and on the
next day the said trustee conveyed the said land to the said
purchaser; and the said J. R. Marchant instituted his action
of unlawful detainer, and recovered the possession of the said
land. On the 16th of March, 1887, Diehl and wife instituted
a suit in chancery, and obtained an injunction restraining the
said Marchant from enforcing his said judgment against the
said Diehl and wife. This injunction was dissolved in the
said circuit court on the 16th of June, 1887. From this de-
cree no appeal was ever taken, although there was an order
suspending the same for thirty days to enable the plaintiffs,
Diehl and wife, to appeal to this court. But afterwards, on the
25th day of October, 1887, a petition was filed in the county
court of Middlesex against Marchant and wife, asking for a
rehearing of the order entered in the said county court above
mentioned, of October 27, 1886, appointing W. W. Woodward
trustee in the place of the trustee who had died, upon the
ground that the said order had been entered without the notice
required by law to the parties interested. Marchant answered
denying any insufficiency in the notice, and setting up the de-
cision of the circuit court of Middlesex in the chancery suit
rendered on the 16th of June, 1887, as conclusive of all the
questions involved under the plea of *res adjudicata.* The
county court, however, granted the rehearing asked for, and
being of opinion that the order of 27th of October, 1886, ap-
pointing the trustee, Woodward, was erroneous, revoked the

same, and held it null and void. From that order of the county court the said Marchant appealed to the circuit court of said county, and the said order of the county court was there reversed on the 18th of March, 1889, and the petition in the county court dismissed. From this order of the circuit court this appeal is taken to this court, and want of notice, when the original order of October 27, 1886, was entered appointing Woodward trustee, is assigned as error; and also alleged errors are set up in the order of June 16, 1887, dissolving the injunction mentioned above. The order dissolving the injunction having been rendered, and the proceedings in that suit ended in 1887, it is too late to appeal from that decree, one year being the period of limitation provided by the Code. Section 3474.

The first question we have to consider is whether the decision in that case, which was between the same parties, was a decision of the questions involved in this; for, if this be so, then the decision in that case was final between the parties, and the question involved in this case is *res judicata*, and cannot be questioned in this or in any other proceeding in any court. As to this matter, courts of justice do not always employ the same language, but where every objection urged in the second suit was open to the party, within the legitimate scope of the pleadings, in the first suit, and might have been presented at that trial, the matter must be considered as having passed *in rem judicatam*, and the former judgment in such a case is conclusive between the parties. It is not necessary to the conclusiveness of the former judgment that the issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment. Every point which has been specifically decided, or by necessary implication an issue which must have been decided, in order to support the judgment or decree, is concluded. The estoppel is not confined to the judgment, but extends to all facts in-

volved in it as necessary steps or the ground-work upon which it must have been founded. It is accordable to reason back from the judgment to the basis upon which it rests, upon the obvious principle that when a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion. It is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided. *Blackwell* v. *Bragg*, 78 Va., 529, and cases there cited; *Fishburne* v. *Ferguson*, 85 Va., 325, and cases cited; Wells, Res. Adj., § 252; *Stearns* v. *Beckham*, 31 Gratt., 391; *Durant* v. *Essex Co.*, 7 Wall., 107; Freem. Judgm., § 246–252. In this case there is no difficulty whatever about this question. The bill in the chancery suit in the circuit court was filed and the injunction asked on the identical ground relied on in the petition in the county court; and the petition filed in the county court is a substantial copy of the bill, the suits are in all material respects identical as to parties and relief sought, and the very grounds upon which the relief is asked are precisely the same, to-wit: a trustee having been appointed without notice to the parties interested, as is required by the statute. Code Virginia, § 3420. Upon the adverse decision of the circuit court as to their interest, the plaintiffs had but one course left to them, and that was to appeal for the correction of alleged errors; and this they evidently contemplated, because they procured a suspending order for that purpose, as the decree states. They have, however, allowed this decree to become final and irreversible by the lapse of time, and they are finally barred and forever concluded in the rights involved in that suit, and that ends the controversy in this and every other suit and tribunal. And the decree appealed from is without error, and will be affirmed in this court.

DECREE AFFIRMED.