BEALE'S ADM'R

*v.*

GORDON *et al.*

(*Supreme Court of Appeals of Virginia, April 18, 1895.*)

[21 S. E. Rep. 667.]

**Decrees—Res Judicata.**

When a judgment or decree has been rendered by a court of competent jurisdiction in a suit, it is a bar to any further action between the same parties upon the same matter of controversy.

**Same—Final as to What.**

A decree is final, not only as to the matters actually determined, but as to every matter which the parties might have litigated within the scope of the pleadings in the cause, and which might have been decided.

Appeal from circuit court, Fauquier county ; James Keith, Judge.

Bill by L. D. Beale, administrator of William Beale, against Charles H. Gordon and others. From a decree dismissing the bill as to defendant A. D. Payne, administrator of John H. Rixey, plaintiff appeals. Affirmed.

*Brooke & Scott,* for appellant.

*Eppa Hunton, Jr.,* and *Rixey & Barbour,* for appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Fauquier county, and the sole question to be disposed of is whether the rule of res adjudicata applies to the case. In 1872, S. F.

G. Beale, as treasurer of Fauquier county, executed his official
bond, with William Beale, Charles H. Gordon, James W.
James, John H. Rixey, and Wellington Millon as his sureties.
Beale, the treasurer, on the 15th of November, 1872, executed a
deed of trust to R. Taylor Scott, trustee, to indemnify and save
harmless his said sureties from loss by reason of their surety-
ship ; conveying to the trustee certain real estate in Fauquier
county, and personal property consisting of cattle, horses, his
household and kitchen furniture, and farming implements.
This treasurer afterwards defaulted, and at the March term,
1875, of the circuit court of the city of Richmond, two judg-
ments were obtained against him and his sureties in favor of
the commonwealth, aggregating a large amount. · In 1874,
Treasurer Beale brought suit against John H. Rixey, who was his
deputy in Fauquier county, as well as his surety ; and at the
September term, 1877, of the circuit court of Fauquier county,
judgment was awarded against John F. Rixey, administrator c.
t. a. of John H. Rixey (the latter having died after the institu-
tion of the suit), for the sum of $3,624, with interest from
May 1, 1873, to be paid out of the assets of John H. Rixey,
the testator, in the hands of his administrator, which judgment
was marked, ''For the benefit of R. Taylor Scott, trustee of
S. F. G. Beale.'' In the month of August, 1876, John F.
Rixey, administrator c. t. a. of John H. Rixey, deceased, filed
his bill in the circuit court of Fauquier county against the
widow and heirs of his testator, convening the creditors, and
praying the guidance and protection of the circuit court in the
administration of the assets of his testator, and that an account
be taken of all claims and debts against the estate in his hands,
or to come into his hands, with their respective priorities, and
for general relief. In this suit a decree was entered September
5, 1877, referring the cause to a master commissioner to state
and report to the court an account of all the personal estate
and effects which went into the hands of John F. Rixey, as
administrator of John H. Rixey, deceased, to be by him admin-

istered as assets ; second, an account of all real estate directed by the will of John H. Rixey to be sold, and of all assets arising therefrom, and of all other real estate ; third, an account of any other assets of the deceased which may have come into the hands of his administrator to be administered ; fourth, an account of all outstanding claims and debts against the estate of John H. Rixey, deceased, with their respective priorities and order of payment ; and, fifth, an account of the transactions of John F. Rixey, administrator. And this decree directed the commissioner, before taking the accounts, to give thirty days' notice, by publication in one of the newspapers published in the town of Warrenton and one in the town of Culpeper, of the time and place of taking the accounts, and provided that such notice should be equivalent to personal notice to all parties interested, and required all parties having claims and debts against the estate of John H. Rixey, deceased, to come forward and prove their debts, on the pain of exclusion from all participation in the assets of said estate. On the 13th of December, 1884, R. T. Scott, trustee for S. F. G. Beale, filed his petition in the suit, setting forth the judgment obtained at the September term, 1877, in favor of S. F. G. Beale, against John H. Rixey's administrator, as aforesaid, and praying that the administrator be required to pay to petitioner the amount due upon the judgment ; alleging that the judgment had been acquired by petitioner from S. F. G. Beale by parol assignment, the proceeds to be applied to the indemnity of the sureties upon the official bond given by S. F. G. Beale, as treasurer of Fauquier county. To this petition answer was filed by John H. Rixey's aministrator, denying the right of petitioner to the judgment, and claiming that out of the estate of John H. Rixey, his testator, large sums of money had been paid in discharge of the judgment aforesaid obtained in favor of the commonwealth against S. F. G. Beale, treasurer, and his sureties; that the amounts so paid by John H. Rixey's estate, as one of the sureties, aggregated $4,-995.01, under date of July 12, 1884, and that John H. Rixey's

estate was entitled to offset the judgment claimed by petitioner R. T. Scott, trustee, with this amount, and such other sums as the estate might thereafter have to pay. While the matters put in issue by the original bill, the petition of R. T. Scott, trustee, and answer of John H. Rixey's administrator thereto, were still undetermined, Charles H. Gordon and L. D. Beale, administrator of William Beale (the latter having died during the pendency of the suit), filed their joint petition in that suit, and, on their motion, were admitted parties defendant thereto, and setting forth in their petition that they had also paid large sums in discharge of the judgment aforesaid obtained on behalf of the commonwealth against S. F. G. Beale, treasurer of Fauquier, and his sureties, the payments alleged to have been made by petitioners, but in point of fact made solely by William Beale, aggregating $4,816.91, and claiming that the amount due on the judgment in favor of S. F. G. Beale against John H. Rixey's administrator should be paid to R. T. Scott, and dedicated to the protection of all the sureties upon S. F. G. Beale's bond as treasurer ; but, in the event of John H. Rixey's administrator being allowed to set off against recovery of this judgment the money paid by him out of the testator's estate upon the commonwealth's judgment, petitioners then claimed that the estate of John H. Rixey, deceased, must prorate with petitioners according to the amount of payments made by them as sureties upon the debt of their principal, and that the well-established doctrine of equity relating to contribution among sureties must apply, and prayed the court to direct the application and payment of the money evidenced and represented by the judgment of S. F. G. Beale against John H. Rixey's administrator, and "that there be contribution to petitioners from the estate of their cosurety John H. Rixey in such sum as shall be just in the premises." On the 10th of September, 1888, A. D. Payne, administrator d. b. n. c. t. a. of John H. Rixey, deceased (having been appointed as such administrator in the place of John F. Rixey) filed his answer to this petition of

Gordon and William Beale's administrator, denying both the right of R. T. Scott, trustee, to have the money due on the judgment in favor of S. F. G. Beale against John H. Rixey's administrator ; insisting upon the right to set off the judgment by the amounts paid by John H. Rixey's estate as surety for treasurer Beale ; and denying the right of petitioners Gordon and William Beale's administrator to have contribution from John H. Rixey's estate, as cosurety on treasurer Beale's bond.

A master commissioner's report was filed in the cause, showing the amounts paid by William Beale and John H. Rixey's administrator, respectively, in the discharge of the judgment in favor of the commonwealth, and showing that John H. Rixey's administrator had applied the whole amount due from him on the judgment in favor of Beale, the treasurer, to the discharge of the judgment of the commonwealth aforesaid, with the exception of $1,087.86; and with the report alternate statements were made and filed, but which need not be noticed in particular. The circuit court, by its decree, September 10, 1888, confirmed so much of the master commissioner's report as showed the balance due by John H. Rixey's estate on the judgment in favor of Beale, the treasurer, to be $1,087.86 as of the 18th of July, 1884, and, rejecting the alternate statements contained in the report, decreed and ordered A. D. Payne, d. b. n. c. t. a. of John H. Rixey, deceased, out of the estate in his hands to be administered, to pay to L. D. Beale, administrator of William Beale, deceased, or to Brooke & Scott, his attorneys, the said sum of $1,087.86, with interest. From this decree Charles H. Gordon and William Beale's administrator obtained an appeal to this court, and this court affirmed the decree appealed from, as appears in the case of Gordon v. Rixey's Adm'r, 86 Va. 853, 11 S. E. 562. Subsequently, and in December 1890, L. D. Beale, administrator of William Beale, filed his bill in the circuit court of Fauquier county against Charles H. Gordon, James W. James, Wellington Millon's administrator, and John H. Rixey's administrator d. b. n. c. t. a., setting forth that

William Beale had paid a certain part of the judgment in favor of the commonwealth against S. F. G. Beale, late treasurer of Fauquier county, and his sureties, and demanding contribution from Charles H. Gordon, James W. James, the estate of Wellington Millon, and of John H. Rixey, deceased, his cosureties, and praying for general relief. To this bill, A. D. Payne, administrator d. b. n. c. t. a. of John H. Rixey, deceased, filed his demurrer and answer, and a special plea of res adjudicata, and vouched in support of his plea the record of Rixey's Adm'r v. Rixey and others, as styled in the circuit court of Fauquier county, and as Gordon v. Rixey's Adm'r in the supreme court of appeals; and at the hearing of the cause, April 16, 1891, the circuit court of Fauquier county decreed that the matters set forth in this bill are res adjudicata as to the defendant A. D. Payne, administrator d. b. n. c. t. a. of John H. Rixey, deceased, and dismissed the bill, as to this defendant, with costs. This is the decree appealed from in the case at bar.

From the foregoing statement, it would seem clear that William Beal's administrator was a party to the suit to wind up the estate of John H. Rixey, deceased, finally disposed of by this court in the case of Gordon v. Rixey's Adm'r, supra, and by his petition in that suit all questions were raised, or might have been raised, that are now put in issue by the pleadings in the case here. When a judgment or decree has been rendered by a court of competent jurisdiction in a suit, it is a bar to any further action between the same parties upon the same matter of controversy. 1 Bart. Law Prac. 553, 554; 7 Rob. Prac. 172; Findlay v. Trigg's Adm'r, 83 Va. 543, 3 S. E. 142; Simpson v. Dugger and Boisseau v. Same, 88 Va. 963, 14 S. E. 760. The decree in the first cause is not only final as to the matters actually determined, but as to every matter which the parties might have litigated, within the scope of the pleadings in the cause, and which might have been decided. Diehl v. Marchant, 87 Va. 447, 12 S. E. 803; Withers' Adm'r v. Sims, 80 Va.

660, 661 ; Blackwell v. Bragg, 78 Va. 529 ; Fishburne v. Ferguson, 85 Va. 321, 7 S. E. 361; Davis v. Brown, 94 U. S. 428 ; Cromwell v. County of Sac., Id. 351 ; Wells, Res. Adj. § 252 ; Stearns v. Beckham, 31 Grat. 391 ; Durant v. Essex Co., 7 Wall. 107 ; Malloney v. Horan, 49 N. Y. 116 ; Freem. Judgm. §§ 246, 254. In the case of McCullough v. Dashiell, 85 Va. 41, 6 S. E. 610, the learned judge delivering the opinion of this court says; "The doctrine of res adjudicata applies to all matters which existed at the time of the giving of the judgment or rendering the decree, and which the party had the opportunity of bringing before the court." The question as to the right of William Beale's administrator to have contribution from John H. Rixey's estate, his cosurety on Beale the treasurer's bond, was expressly and pointedly raised and put in issue in the first suit referred to, and finally disposed of by this court ; and this is identically the same issue made in the case at bar. Hence the decree of the circuit court of Fauquier county sustaining the plea of res adjudicata was clearly right; and, as this conclusion disposes of the case, other matters of defense relied on by appellees' counsel will not be considered. The decree of the circuit court is affirmed.

KEITH, P., not sitting.