CURRIE  *et al.*

*v.*

CHOWNING.

*(Supreme Court of Appeals of Virginia, April 25, 1895.)*

[21 S. E. Rep. 809.]

**Judgments—Res Judicata.**
A judgment rendered by a court of competent jurisdiction in a former suit between the same parties, and involving the same subject-matter, is conclusive.

Appeal from circuit court, Lancaster county.

Bill by one Currie and others against one Chowning.    From a decree for defendant, complainants appeal.    Affirmed.

*Thos. Ball*, for appellants.

*Howard Hathaway*, for appellee.

RIELY, J., delivered the opinion of the court.

E. A. Currie, the father of the appellants except G. G. Hall, sold and conveyed by deed on November 2, 1853, to John S. Chowning, the father of the appellee, a certain tract of land known as "Water View," and on February 22, 1854, before the grantor had acknowledged or delivered the deed, he and the grantee made and executed an agreement which is as follows : "This agreement between E. A. Currie and John S. Chowning, appended to a deed from said Currie to said Chowning, for the sale of a farm called 'Water View,' in Lancaster county, and to be entered of record in the clerk's office of said

county along with said deed, witnesseth : That whereas, the said Chowning has purchased of said Currie the said farm, on which there is not sufficient firewood for the use of said farm, the said Currie agrees to allow said Chowning to get so much firewood as may be needful and sufficient for the use of said farm, and for ordinary purposes of making fires in the buildings properly appertaining to said farm, from his, the said Currie's, lying on the north side of the public road leading to Merry Point, or from his woods on West Point, lying along the west branch of the Corrotoman river ; and the said Chowning agrees that he will not allow any tree or trees to be cut that are fit for timber or rails, and that he will not allow the young growth of trees to be injured. In witness whereof the said parties hereunto set their hands this 22d day of February, 1854. E. A. Currie. John S. Chowning.'' This agreement expresses on its face that it is appended to the deed, and to be entered of record in the clerk's office along with it. The deed was afterwards, on May 15, 1854, acknowledged in open court by E. A. Currie, and ordered to be recorded. It was thereupon duly recorded, and the agreement along with it. The plaintiffs claimed in their bill that the defendant never purchased or inherited any rights under the said agreement, and prayed that he be enjoined from cutting timber and getting wood from the land referred to therein, and that the agreement be canceled and annulled. In the petition for the appeal it was claimed by their counsel that the agreement was not a part of the deed, and that the certificate of the clerk of the acknowledgment of the deed by E. A. Currie did not include an acknowledgment of the agreement, so that the latter was not legally recorded, and its recordation not notice ; and that, as the appellants had bought the land to which the agreement referred at the sale made thereof by the court after the death of E. A. Currie, they took the same unaffected with notice of the agreement. To the bill the defendant filed a plea averring that the same matter sought to be litigated by the plaintiffs in this suit had been liti-

gated in the former suit brought by them and finally determined in his favor by the same court, and vouched the record thereof in support of his plea.   He also filed his answer to the bill, in which he relied on the said agreement, and claimed the right under it, as heir of his father, to take as much firewood from the land as was needful for the farm bought by his father of E. A. Currie, and denied the cutting and hauling away of timber or wood for any other purpose.

An inspection of the record of the former suit shows that it was between the same parties ; that it was bought for the same purpose, in a court of competent jurisdiction, and involved the same subject-matter ; and that at the hearing the bill was dismissed by the court.   The bill in the present suit is based upon the very same matter as the bill in the former suit, and is substantially a copy of it, which is also true of the answer.   The injunction in the present suit is asked for upon the identical ground set forth in the former.   The agreement which was appended to and recorded with the deed was filed as an exhibit with both the bill and the answer, and its validity and effect directly put in issue.   It constituted the gravamen of the former suit as well as of the present ; and the relief sought in the present suit is precisely the same, and based upon the same ground, as in the former.   The decision of the former suit upon the bill and answer made by the dismissal of the bill was necessarily a determination of the very issue presented in the present suit. The bill in the former suit could not have been dismissed by the court without deciding the issue presented by the bill and answer, and determining it adversely to the claim of the plaintiffs.   The matter of the present suit was, therefore, clearly res adjudicata, and not open to a new contention.   7 Rob. Prac. c. 3, subsec. 6, p. 172 ; Freem. Judgm. §§ 252–256; Black, Judgm. § 504 ; Wells, Res Adj. §§ 6, 252 ; and Diehl v. Marchant, 87 Va. 447, 12 S. E. 803.   The decree appealed from is plainly right, and must be affirmed.