## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### McCullough v. Dashiell and al.

February 21, 1884.

1. ESTOPPELS—*Recitals.*—Recitals in deeds operate not as estoppels in favor of strangers that have not acted on or been misled by them ; and formal statements and admissions, unacted upon, are not conclusive.

2. IDEM—*Intention.*—Estoppels are founded on and limited by intention, and extend not to uncontemplated objects.  Hence a recital may be an estoppel for one purpose, and not for another.

3. IDEM—*Case at bar.*—D and wife conveyed to L in trust to secure two notes to M, wife's realty in N city and N county.  Later, D and wife sold and conveyed the N county realty to A ; and D received part of price in cash and balance in notes payable to himself.  The cash, D paid on the notes to M. · The notes D later delivered to M, to whom he was indebted on open account as well as by trust deed, without directing their application, and M applied them to his open account.  Trustee L and M released to purchaser A the N county property by deed, reciting that the two notes, to secure which said realty had been conveyed in trust, had been paid—D and wife not being parties to the release.  By M's order L advertised N city realty for sale to pay balance of trust debt.  D and wife enjoined.

HELD :

    1. D and wife not being parties or privies to the release, and not having acted on or been misled by its recitals, it operates not as an estoppel in their favor.

    2. The intention being to recite that the two notes were paid *quoad* the N county property and its purchaser A, the recital can be deemed an estoppel for that purpose only.

    3. The notes taken payable to D, for the N county realty conveyed by D and wife to A, belonged absolutely to D, who having delivered them to his creditor, M, without directing their application to the trust debt, M was entitled to apply them to his open account debt.

M'CULLOUGH v. DASHIELL AND AL.     635

Appeal of Allan A. McCullough from decree of corporation court of Norfolk city, rendered 14th March, 1881, in suit wherein Charles Dashiell and Mary E. O. Dashiell, his wife, were plaintiffs, and said McCullough and William Lamb, trustee, were defendants. Charles Dashiell filed his bill February 10, 1872, and obtained an injunction restraining said Lamb, as trustee, from selling certain real estate in said city, which had been conveyed by Dashiell and wife to said Lamb by deed dated March 23, 1869, in trust to secure to said McCullough two notes of $700 each. The grounds of the injunction were: that the notes had been paid, partly with money expressly appropriated to that object by Dashiell, and partly with money which came into McCullough's hands, and ought to have been, if it were not, so appropriated. The facts are as follows:

On the 23d March, 1869, the appellee (Dashiell) was indebted to the appellant in the sum of $1,400, evidenced by his two notes of $700 each, payable, respectively, at 90 days and four months after that date. To secure their payment he and his wife on that day united in conveying certain real estate in the city of Norfolk to Wm. Lamb, trustee. And on the 28th day of April following, they united in conveying to the same trustee, for the same purpose, certain other real estate, lying in Norfolk county. Soon thereafter Dashiell and wife sold the Norfolk county property to the Norfolk Land Association, and for the deferred instalments of the purchase money sundry notes were taken, payable to Dashiell alone. On the 24th June, of the same year, Dashiell paid to the appellant the sum of $500, which was duly credited on the note first due and secured by the two deeds of trust above mentioned. On the 17th day of July, 1869, a deed of release was executed by the appellant and William Lamb, trustee, in which the payment of $500, above mentioned, was recited, and releasing the lien of the trust deed on the Norfolk county land, as to a small portion

thereof, described in the release deed. And by deed, dated the 17th day of April, 1871, the said trustee and the appellant united in another release deed, by which the entire deed of trust lien on the land was released, it being recited therein that the two notes secured by the trust deed had been fully paid and discharged. The only parties to that deed were Lamb, trustee, the appellant, and the Norfolk Land Association.

In February, 1872, by direction of the appellant, Lamb, the trustee, advertised the Norfolk city property for sale, to satisfy a balance claimed by the appellant to be due on account of the two notes secured thereon, and which in the deed releasing the lien on the Norfolk county property were recited to have been paid. Thereupon Dashiell filed his bill in the corporation court of the city of Norfolk, alleging that the notes had been paid, and praying that the proposed sale by the trustee be enjoined, that all proper accounts be taken, and for general relief. An injunction was granted, according to the prayer of the bill. McCullough, the appellant here, answered the bill, denying that the notes had been paid, except as to the sum of $500 paid on the 24th June, 1869, and credited on the note then due, and setting forth, at great length and in detail, the transactions between the parties, in respect to the notes, embracing a period of several years. The cause was referred to commissioner to take certain accounts, who proceeded to execute the decree, and before whom a mass of testimony was taken, covering several hundred pages of the printed record, consisting mainly of the depositions of the plaintiff and the defendant, McCullough, and which was returned to the court along with the commissioner's report. At a subsequent term the court, without passing on the exceptions to the report or deciding any question in the cause, decreed that the injunction awarded upon the filing of the bill be dissolved, unless, within a certain time,

the plaintiff should amend his bill, making the wife of the plaintiff a party plaintiff or defendant in the cause, as he might be advised. Accordingly, an amended bill was filed, in which the wife, suing by her next friend, H. L. Worthington, was joined as a party plaintiff.

In addition to the grounds set forth in the original bill upon which the relief prayed for was based, it alleged that the real estate conveyed by the two trust deeds already referred to was the maiden property of the female plaintiff, and known to be so by the defendant, Mr. McCullough, at the time those deeds were executed; that the defendants, McCullough and Lamb, trustee, were estopped by the release deed of April 17th, 1871, releasing the deed of trust lien on the Norfolk county land, and in which it was recited that the notes secured by the trust deed were paid; that in making sale of that land to the Norfolk Land Company the husband of the female plaintiff acted as her agent, and held the notes for the deferred payments as her trustee, and could, therefore, rightfully apply the proceeds of those notes to the satisfaction of the deed of trust lien on the land, and not otherwise, without her consent, and that he neither claimed the right nor attempted to apply them to his own purposes; that the notes for the deferred payments delivered by her husband to the defendant, McCullough, were intended as a temporary loan merely, and that such delivery was without her knowledge or consent; that McCullough, having collected the notes and applied the proceeds to his own use, was bound to account to her for the same; and that if, in fact, the notes had been delivered to him not as a loan, but as a payment by Dashiell, it was his duty to have applied the proceeds first to the discharge of the notes secured on the land in preference to the alleged subsequent and open account indebtedness, because he knew that the notes so delivered were given for the purchase money of the land so encumbered for his benefit.

The defendant, McCullough, demurred to the bill, on the ground that it alleged new matter, and made a new case, and because it was filed in the name of the female plaintiff by her next friend. The demurrer was overruled; the court holding that the bill might be treated as a supplemental bill; but being of opinion that the female plaintiff should have been a co-plaintiff with her husband, it was ordered that the name of the next friend be stricken out, and that the cause proceed in the name of Dashiell and wife as plaintiffs therein. McCullough thereupon filed his answer, again denying that the notes secured by the two trust deeds had been fully paid. He denied that the effect of the recital in the deed releasing the deed of trust lien on the Norfolk county land was to estop him from showing that the notes had not been paid, or from enforcing the trust deed to secure their payment executed on the real estate in Norfolk city, as to which no release deed had ever been given. He denied that in making sale of the Norfolk county land Dashiell acted as the agent of his wife, or that he held the notes for the deferred payments as her trustee. He averred that they were made payable to him absolutely, and were his absolute property, although they were for the purchase money of the wife's maiden land, she having united with him in conveying it to the purchasers. He denied that the notes were temporarily loaned to him by Dashiell, but, on the contrary, were delivered to him in payment of Dashiell's indebtedness to him, and were so applied with the knowledge and consent of Dashiell, leaving a balance still due him by Dashiell, apart from the balance due on the deed of trust notes. Wherefore he prayed that the injunction awarded upon the filing of the original bill be dissolved.

The cause coming on to be finally heard, the court held that by the recital in the release deed of April 17, 1871, the defendant, McCullough, was estopped from denying

payment in full of the notes secured by the deeds of trust; and further, that if he had any right to use the proceeds of the notes for the deferred payments on the Norfolk county land, which were delivered to him by Dashiell, as to which no decision was pronounced, it was his duty to have applied their proceeds, or so much thereof as was necessary, to the payment of the deed of trust notes, if any such then existed, and so have relieved the other real estate of the female plaintiff from any liability therefor; and that the depositions of the plaintiff, Dashiell, and the defendant, McCullough, were not competent evidence in the cause. And it was adjudged and decreed that the injunction be made perpetual; that the defendants, Lamb, trustee, and McCullough, by proper deed, release the deed of trust lien on the Norfolk city real estate, and that the defendant, McCullough, pay to the plaintiffs the costs of the suit.

And it appearing by the commissioner's report that the plaintiff, Charles Dashiell, was indebted to the defendant, McCullough, in the sum of $2,021.48, with interest, by open account, it was decreed that he pay to McCullough the sum so ascertained to be due by him.

From this decree McCullough appeals.

*Walke & Old,* for the appellant.

*R. H. Baker & Son,* for the appellees.

LEWIS, P., delivered the opinion of the court. After stating the facts, he proceeded:

The appellant insists that the court below erred in holding him estopped by the release deed of April 17th, 1871, from enforcing the lien of the deed of trust on the Norfolk city property, and in perpetuating the injunction restrain-

ing the sale of that property to enforce that lien. And these are the only questions raised which need be considered.

In the first place, it is to be observed that Dashiell and wife were not parties to the release deed in question, and that its object was to relieve the Norfolk county property of the lien of the deed of trust in the hands of the Norfolk Land Association, which was in fact the purchaser. This, then, being its object, and such the intention of the parties, there can be no doubt that as to any question affecting the lien released on that particular property, the recital in the release deed that the notes secured therein had been fully paid would be conclusive as between the parties to that deed. But the rule does not apply in favor of strangers who have not acted upon or been misled by the recital. A recital is a narration of such deeds, agreements, or facts as are necessary to explain the grantor's title and the motives and reasons upon which the deed is founded and entered into. The operation of deeds is a question of intention, and will not be carried further than the parties appear from the tenor of the whole instrument to have agreed ; and the doctrine of estoppel is no exception to this general principle. Accordingly, the introduction of a statement into a sealed instrument will not render it conclusive, unless there is sufficient reason for believing that such was the design, or some injustice would result from allowing it to be contradicted.

And so it has been held that formal statements and admissions, which were perhaps looked upon as unimportant when made, and by which no one was ever deceived or induced to alter his position, are not conclusive. And so as estoppels are founded on intention, they will be limited by it, and will not extend to objects that the parties cannot reasonably be supposed to have had in view. A recital may consequently be an estoppel for some purposes and

not for others. Indeed, as has been said, nothing is more obvious than the injustice that would ensue if the formal receipts introduced into conveyances for the convenience of the grantee, and with a view to facilitate the transfer of the title to subsequent purchasers, were treated as conclusive in opposition to the truth of the case and the understanding of the parties. The estoppel of a deed will be limited to suits based upon it or growing out of the transaction in which it was executed, and will not extend to a collateral action, where the cause is different, although the subject matter may be the same. These propositions are abundantly sustained by the authorities cited by the appellant's counsel and by others that might be referred to. See on this subject generally, 2 Smith's L. C. p. 671, &c.; 7 Rob. Pr. 247.

The object and intention of the parties in the execution of the deed releasing the Norfolk county land from the lien of the trust deed of April 28, 1869, is manifest. It was simply, so far as the latter deed was concerned, to give to the purchaser of the land a clear and unencumbered title, and nothing more. The release deed was made in 1871, and it was not until the amended bill was filed in this case, nearly nine years thereafter, that any claim was set up by any one that the effect of that deed was a discharge of the deed of trust lien on the Norfolk city property. No reference to that property whatever is made in the deed, and the object of the deed is shown by the recital therein of the sale of the land to the Norfolk Land Association. It is not pretended that Dashiell and wife, or either of them, have been induced to alter their position, or have in any way been misled or prejudiced by the recital in the deed that the notes referred to had been paid, and hence, upon the principles indicated, the appellant is not estopped by that recital *quoad* the city property, from showing that in fact they have not been paid.

Coming, then, to the merits of the case, the question is*
Were those notes in whole or in part unpaid when the ad-
vertised sale of the Norfolk city property was enjoined
by the court below? There can be no question as to the
title of Dashiell to the notes for the deferred payments on
the county land sold to the Land Association. His wife
having united with him in the conveyance of the land, and
the notes being payable to him individually, they became
his absolute property and subject to his disposal·as he saw
fit. These notes he delivered to the appellant, who cred-
ited him with their proceeds. The appellees insist that
the notes were intended as a loan, and their proceeds being
more than sufficient to pay the balance due on the deed of
trust notes, it was the duty of the appellant to have applied
so much of the proceeds as were sufficient to pay off the
deed of trust notes before applying them to any other
purpose.

The court below, without objection by any party, ex-
cluded the depositions of the appellant and the appellee,
Charles Dashiell, on the ground that as the latter was an
incompetent witness (his wife being a party to the suit)
the appellant was also incompetent to testify. This being
so, the case must be viewed as it is presented by the plead-
ings and the depositions which were admitted as evidence.
And so viewing it, there can be but little doubt that the
contention of the appellant is well founded. Indeed, the
case in the court below seems to have turned mainly on the
effect of the release deed of April 17, 1871. The answers em-
phatically deny the material allegations of the bills, and
set forth at length the transactions between the parties;
and such of their averments as are not responsive to the
allegations of the bills, are substantially sustained by the
proofs in the cause.

There is no doubt that the original notes, each for the
sum of $700, and secured by the deeds of trust, were from
time to time renewed, and that the only payment on ac-

count of them was the $500 paid in June, 1869, out of the proceeds of the sale of the Norfolk county land. The three notes for the deferred payments on account of that sale do not appear to have been delivered to the appellant as a loan, or for the purpose of enabling him to use them as collateral in raising money on his own notes. It is true, that by his receipts for them he bound himself to return two of them if the parties should wish to cancel them before maturity, and to return or account for the third on demand. But the notes were afterwards discounted by him, and the proceeds applied to the credit of the appellee, Dashiell, on open account indebtedness. Of these facts, Dashiell, it is alleged in the answers, was informed, and assented to what had been done. And in this particular the averments of the answers are fully supported by the testimony of the witness, Anderson. It is unnecessary, therefore, to enter into any discussion as to how the proceeds of the land notes ought to have been applied in the absence of any direction on the part of the appellee, Dashiell. It is sufficient to say, that their application by the appellant afterwards was assented to by him, and that it is now too late for him to object thereto.

For these reasons the court below erred in perpetuating the injunction, and directing a release deed to be executed. The injunction ought to have been dissolved, and in these particulars the decree must be reversed, and in other respects affirmed.

The decree was as follows:

This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decree of March 14th, 1881, is erroneous in the following particulars, namely: first, in

holding the defendant, McCullough (the appellant here), estopped by the release deed of April 17th, 1871, from denying the payment of the two notes payable to him, and secured by the deed of trust of March 23d, 1869; secondly, in holding that under the facts proved, it was the duty of the defendant (McCullough), if he had any right to use the proceeds of the notes mentioned in Exhibit "C," to have applied to the extinguishment of the notes designated as "deed of trust notes," if any such notes then existed, so much of the said proceeds as was necessary to extinguish the same, so as to have relieved the other property of the female plaintiff from any liability therefor; thirdly, in overruling the second and third exceptions of the defendant (McCullough) to the master's report; fourthly, in perpetuating the injunction awarded on the 10th day of February, 1872; and fifthly, in decreeing that the defendants, Lamb, trustee, and A. A. McCullough make a deed of release of the property on Bute street, and that the defendant, McCullough, pay to the plaintiffs their costs expended in the prosecution of their suit. It is therefore considered that the said decree in the particulars aforesaid be reversed and annulled, and in other respects affirmed, and that the appellees pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here. And it is further considered that the injunction awarded on the 10th day of February, 1872, be dissolved, and that the said appellees, the plaintiffs in the court below, pay to the appellant, one of the defendants in the court below, his costs by him expended in defending the suit in the said corporation court.

And this cause is remanded for such further proceedings as may be necessary and proper to be had therein; which is ordered to be certified to the said corporation court of the city of Norfolk.

DECREE REVERSED IN PART.