## Richmond

VIRGINIA ELECTRIC AND POWER COMPANY

V.

OMAR R. BUCHWALTER, ET AL.

Record No. 812095.

January 18, 1985.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson and
Russell, JJ., and Harrison, Retired Justice.

Randolph W. Church, Jr. (T.S. Ellis, III; William A. Walsh, Jr.; McCandlish, Lillard, Rust & Church; Hunton & Williams, on briefs), for appellant.

Bernard S. Cohen (William J. Ginivan; Cohen, Annand, Dunn & Sinclair, P.C., on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

Virginia Electric and Power Company (VEPCO) appeals a ruling that an easement it acquired is void because the agreement failed to state the easement's location "with reasonable particularity and definiteness" as prescribed by Code § 56-259.[1] Appellees (collectively, Buchwalter)[2] assign cross-error to the trial court's holdings that certain restrictive covenants running with their lots

---

[1] Code § 56-259 provides in pertinent part as follows:
All such contracts [i.e., public service corporation easement agreements] shall specify with reasonable particularity and definiteness the location of such easement or right-of-way; . . . .
  The location of any easement or right-of-way of any public service corporation shall be as specified in the instrument by which such easement was conveyed to such public service corporation; provided that, with respect to all such easements granted after December thirty-one, nineteen hundred sixty-eight, if such location is not specified by metes and bounds or by reference to a center line or survey line showing courses and distances from some ascertainable point of beginning, the location of such easement shall be determined by reference to the facilities constructed thereon, and the center line of those facilities shall be the center line of the easement.

[2] The appellees are: Omar R. Buchwalter, Dorothy M. Buchwalter, William C. Mellott, Terry A. Mellott, John Merton McCoy, Mary Lee McCoy, Ronald Frederick Lyon, Jean M. Lyon, John William McGinness, Jr., Patricia K. McGinness, Daniel F. Craig, Eva S. Craig, Jairo Rodriguez and Leonor Rodriguez.

do not prohibit construction of an electric transmission line and that the structures VEPCO proposed to erect were included within the meaning of the term "pole" as it is used in the easement argreement.

In 1972, The McCarthy Company of Virginia-Maryland (McCarthy) purchased 19 lots now owned by the appellees. The deed to McCarthy contained restrictions permitting only single-family dwellings, garages, and storage buildings on the lots, prohibiting any other structures, and proscribing any activity which would constitute a nuisance.

In 1973, McCarthy conveyed to VEPCO an easement across the rear of the 19 lots allowing VEPCO "to construct, operate and maintain one line of poles . . . for the purpose of transmitting electric power." A plat is included in the easement agreement.[3] The agreement also provides that

> the location of the center line of said pole line being shown on said plat and being described as follows:
> Beginning at Station 348 plus 96.14 in the property line dividing property of Owner and that of Alfred S. Hodgson and Winifred Hodgson, which point is N. 82° 36' 45" W. 3 feet, more or less, along said property line from a property corner; thence S. 13° 29' 45" E. 1864.88 feet to Station 367 plus 61.02 in the property line dividing property of Owner and that of Helen Munsen and others, which point is N. 82° 30' 45" W. 3 feet, more or less, along said property line from a property corner.

VEPCO paid McCarthy $57,000 for the easement. All appellees purchased their lots after the easement agreement was recorded. Subsequently, appellees initiated this suit to have the easement declared void and to enjoin VEPCO from constructing the electric transmission line across their lots.

■ Code § 56-259 provides that all contracts respecting easements for public service corporations "shall specify with reasonable particularity and definiteness the location of such easement." Moreover, it expressly authorizes the location of an easement "by reference to a center line or survey line showing courses and distances from some ascertainable point of beginning."

---

[3] See Appendix.

The agreement between McCarthy and VEPCO contains a center line of the pole line described by courses and distances from an ascertainable beginning point and located three feet from and parallel to the rear property line of the 19 lots. Thus, we believe that a fair and rational reading of the agreement, including the plat, inescapably leads to the conclusion that VEPCO acquired an easement six feet in width adjacent and parallel to the lots' rear property line.[4] We conclude, therefore, that the easement's location meets the requirement of Code § 56-259 in that it is specified in the agreement with "reasonable particularity and definiteness."

We now address the assignments of cross-error. First, Buchwalter contends that McCarthy conveyed the easement in violation of the restrictive covenants. The court ruled that the appellees were estopped from challenging McCarthy's conveyance.

It is well established that a party who purports to convey an estate is estopped as against his grantee from asserting anything in derogation thereof. That is to say, a grantor cannot deny his title to the prejudice of his grantee. *See School Board* v. *Smith*, 134 Va. 98, 104, 113 S.E. 868, 869 (1922). Similarly, " 'those who derive title from or through the parties, ordinarily stand in the same position as the parties, and are bound by every estoppel that would have been binding on the parties.' " *Richmond Cedar Works* v. *West*, 152 Va. 533, 543, 147 S.E. 196, 199 (1929).

While conceding this is the law, Buchwalter nonetheless argues that estoppel by deed does not apply in this case because the present action does not attempt to deny McCarthy's title. Buchwalter contends that the present suit is a collateral action. For this argument, he relies upon *M'Cullough* v. *Dashiell*, 78 Va. 634 (1884). We do not agree.

In *M'Cullough*, a party sought to rely upon a recital in a deed to which he was neither party nor privy, and we said that "[t]he estoppel of a deed will be limited to suits based upon it or growing out of the transaction in which it was executed, and will not extend to a collateral action, where the cause is different, although the subject matter may be the same." *Id.* at 641. In the present case, Buchwalter challenges the very document by which

---

[4] We note that in the appellees' bill of complaint they allege, *inter alia*, that "the Defendant McCarthy, did not intend to grant an easement to VEPCO greater than 6 feet onto each Plaintiffs' land."

McCarthy conveyed the easement to VEPCO. Because he is in privy with McCarthy, Buchwalter is bound by every estoppel which would have been binding upon McCarthy.

Further, Buchwalter contends that the doctrine of unclean hands precludes VEPCO from raising the equitable defense of estoppel by deed. He asserts that VEPCO dealt unfairly with McCarthy. Because Buchwalter makes this argument for the first time on appeal, we will not consider it. Rule 5:21.

By his second assignment of cross-error, Buchwalter contends that the court erred in finding that the self-supported steel structures VEPCO proposes to erect are "poles" as that term is used in the easement agreement. The court heard extensive evidence *ore tenus*, including undisputed expert testimony, indicating that the proposed structures are in fact "poles." The company manufacturing the structures calls them "poles," and similar structures, common in Fairfax County, have been identified by the County's Board of Zoning Appeals as "poles."

A finding of fact, made by a chancellor who has heard the evidence *ore tenus*, carries the weight of a jury verdict, and will not be disturbed unless plainly wrong or without evidence to support it. *Burns* v. *Winchester Hosp.*, 225 Va. 545, 550, 303 S.E.2d 908, 911 (1983). Apparently, the trial court deemed it immaterial that these structures were made of steel rather than wood, and we agree. In any event, we cannot say the court's finding that the proposed structures are "poles" within the meaning of the agreement is plainly wrong or without evidence to support it.

In sum, we will reverse that portion of the decree which holds that the easement agreement was void, and we will affirm the rulings relating to the assignments of cross-error.

*Reversed in part,*
*affirmed in part,*
*and final decree.*

TRUE NORTH

THE McCARTHY CO. OF VIRGINIA – MARYLAND

46

ALFRED & WINIFRE. HODGSO.

EDGE R/W

S.82°36'45"E 348-96.14 328

157
156
155
154

20'

3.30'

CHARLES & WILLA MAE EUGENE

AYLOR ROAD

150 151 152 153

N13°R45"W

ANNIE SNOW POTT.

HENRY STABLER

W. OF POLE LINE

AYLOR ROAD

149 148 197 196

200 199 198

205 204 203 202 201

20' OUTLET ROAD

R.J.H. ASSOCIATES

R.367°61.02 328
N623°045'W 32.0

HELEN MUNSEN ET.AL.

VIRGINIA ELECTRIC AND POWER CO.

CHANTILLY-BURKE-RAVENSNO

PLAT TO ACCOMPANY RIGHT-OF-WAY AGREEMEN
WITH
THE McCARTHY CO. OF

| DISTRICT — TOWNSHIP | COUNTY | STAT |
| --- | --- | --- |
| | FAIRFX | |

| SCALE 1 INCH= '.' 0 FT. | SURVEYED B |
| --- | --- |
| DRAWN BY | DATE | N.C. |