## CIRCUIT COURT OF WESTMORELAND COUNTY

Adolph Schick
and Dorothy Schick

v.

Town of Colonial Beach

November 22, 1993

By Judge Joseph E. Spruill, Jr.

The Town of Colonial Beach, by deed dated December 20, 1988, conveyed a parcel of land known as the Bay Yacht Center or Castlewood Park. The ultimate grantees were Adolph and Dorothy Schick, who paid $1,750,800 for the property. Thereafter, the Town had various communications from state and federal authorities regarding grants the Town had received for erosion control at the property site. As a result of these contacts, negotiations transpired between the Town and the Schicks following which the Schicks offered to sell the Town an easement for public access over the subject property for $215,000. On June 30, 1992, the Town Council voted unanimously to accept the offer. On July 1, 1992, a new council took office, and on July 9, 1992, the new Council voted to rescind the action of June 30. The Court has previously determined that the acceptance of the offer by the Town created a valid contract. The Shicks have filed this action for specific performance of the agreement.

The Town seeks to avoid the contract by claiming that members of the Town Council held title as successor trustees pursuant to an order of this Court of September 8, 1897; that as such, the Council had no express authority to sell the property; that the sale violated the rights of the beneficiaries of the trust; and that the Council held legal title only, equitable title being reserved unto the beneficiaries who are lot owners in the Town. Since the Town has no authority to transfer title to the property, the argument goes, no property interests passed under the deed, and there is no need now for the Town to purchase the easement back.

Notwithstanding this argument, and apparently because the Town has received $1,750,800 for the property and has no interest in refunding these

funds, it has joined with the Schicks in asking the Court to ratify and confirm their fee simple title to the property, except for an easement area across the property which the Town has unilaterally delineated.

Thus, the Town's position seems to be as follows: in 1988, it sold what it did not own; and in 1992, it contracted to purchase what it already had.

I. *Did the Town Own Fee Simple Title to the Property It Conveyed to the Shicks in 1988?*

Upon consideration of the pleadings, exhibits, stipulations, memoranda, and arguments of counsel, the Court finds that the Town did own fee simple title to the subject property which it effectively conveyed to the Schicks in 1988.

It is clearly in the interest of all parties that this finding be made, and it is consistent with the positions of the parties taken during the course of these proceedings. This finding is further consistent with the documents found in the chain of title to the property and the relevant legal and equitable doctrines applicable thereto. Thus, the Court finds that the Schicks now own fee simple title to the property, not only because the parties request such a finding, but also because the evidence adduced and the applicable law support this conclusion.

This property was effectively dedicated for public use in the deed of October 30, 1882, by the petition to the Court in 1894, and by the decree of this Court in 1897. For more than nine decades since, the Town has treated this property, not as if it were a trustee holding bare legal title, but as an owner. It removed the property from the tax rolls. It leased the property to various tenants and collected rent which was placed in the general revenue fund. In 1930, it conveyed a part of this property to G. W. Whalley in exchange for other property. Since at least 1897, the Town exercised full dominion and control over this property until it was sold to the Schicks. Indeed, the Town concedes that at the time of its conveyance to the Schicks in 1988, it thought, in good faith, that it had good title to convey. (Transcript, page 108.)

Throughout these years, no one has challenged the Town's title. The various tenants, Mr. Whalley, even the Schicks, all have accepted the validity of the Town's title to this property. It is the Town itself, after the fact, that now denies its own title. Under well settled law in the Commonwealth, it cannot do so. In *VEPCO v. Buckwalter*, 228 Va. 684 (1985), the Supreme Court held: "it is well established that a party who purports to convey an estate is estopped as against his grantee from asserting anything

in derogation thereof. That is to say, a grantor cannot deny title to the prejudice of his grantee." *Id.* at 688.

Further, as between the Town and the Schicks, the Schicks may rely on the covenants in their deed for protection. Covenants of warranty dispense with inquiry. Simply stated, a party cannot convey property, receive consideration, and then challenge his own title. *Bossieux v. Shapiro,* 154 Va. 255 (1930). One of the warranties contained in the deed was a warranty of the Town's right to convey.

II. *Is the June 30, 1992, Agreement between the Town and the Schicks Enforceable?*

The Town contends that the Schicks are legally bound, under the terms of the deed of October 30, 1882, to permit public use of the easement area. This is upon the Town's theory that the deed created a trust for the benefit of the lot owners in the Town. The Town therefore having no need to purchase the easement which is the subject of the June 30, 1992, agreement, the agreement becomes unenforceable because it is without valid legal consideration, argues the Town. As counsel notes in his brief, the effect of this reasoning is that the Town "was placed in the posture of buying something it already owned."

Issues One and Two are inextricably linked and an analysis of one necessarily affects the other. We have found, with the Town's concurrence, that the Town held title in fee simple absolute prior to its sale to the Schicks. It seems to the Court that this resolution of the first issue resolves the second issue as well. There are, however, additional reasons why the Town's position here is untenable.

In the deed, the Town expressly warranted that it possessed the right to make the conveyance. Had the Town wished to reserve an easement it could have done so. No easement was reserved. An easement is an encumbrance. The deed states that the Town had done no act to encumber the property.

### Conclusion

For the foregoing reasons, we hold that the Shicks own fee simple title to the subject property. We find that the June 30, 1992, agreement is a valid and binding agreement entered into in good faith by the parties at the time. We find that the Schicks are entitled to specific performance of this agreement.