Present:  All the Justices

MICHAEL V. GREENAN, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 951683            June 7, 1996

RICHARD SOLOMON, ET AL.

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Joshua L. Robinson, Judge Designate

In this appeal, we consider whether a landowner has an easement to use a right-of-way described in a deed recorded among the land records in Fauquier County.

Michael V. and Sandra J. Greenan, husband and wife, filed their amended bill of complaint against Richard A. and Elinor H. Solomon.  The Greenans, who own a 10-acre parcel in Fauquier County, alleged that they have an easement to use a way to travel across a parcel of land, consisting of approximately 50 acres, owned by the Solomons.  The Solomons filed responsive pleadings, denying that the Greenans have an easement to travel across the property.  The chancellor conducted an ore tenus hearing, and the Greenans adduced the following relevant facts.

Jonathan Taylor Burke acquired approximately 100 acres of land in Marshall District, Fauquier County, by deed recorded April 28, 1882.  This tract, rectangular in shape,  was referred to as the Burke Farm.  Jonathan Burke died intestate, and the farm was divided among his heirs by a partition deed.  Susan E. and John Hall, Burke's daughter and son-in-law, acquired the northern 40 acres.

In March 1936, Allie B. Hall and his wife, Lillie V. Hall, acquired 50 acres of the former Burke Farm, which was sold by the

clerk of the court for payment of delinquent taxes.  This 50-acre parcel is located immediately south of the 40-acre parcel that John and Susan E. Hall acquired in the deed of partition.

The remainder of the former Burke Farm consisted of a 10-acre parcel immediately south of the 50-acre parcel owned by Allie and Lillie Hall.  Although there is no deed of record conveying the land to Taylor Hall, Allie Hall's father, Taylor Hall had possession of, and paid taxes on, this 10-acre parcel. He also devised this parcel of land in his will dated August 23, 1955.

Taylor Hall and Allie and Lillie Hall executed the following deed:

> "THIS DEED made this 27th day of July, 1957, between Allie B. Hall and Lillie V. Hall, his wife, parties of the first part; and Taylor Hall, party of the second part:
>
> WITNESSETH; that for the sum of $1.00 and natural love and affection between son and father, the parties of the first part do hereby grant and convey, unto the party of the second part, <u>a right-of-way and easement of travel 2360 feet more or less in length over the old existing private roadway by the edge of the woods near the western fence line</u> between the property of the grantors and the Eric and Lois Sevareid place.  The easement hereby granted is over and across a tract of land owned by the said Allie B. Hall near Selone in Marshall District, Fauquier County, Virginia, described as containing 51 Acres, 2 roods [sic] and 10.8 poles which was conveyed to him by T. E. Bartenstein, Clerk of the Circuit Court by deed dated March 6, 1936 and recorded in Deed Book 142, page 386.  A plat and survey of said property will be found recorded in Deed Book 141, pages 377 and 378.  <u>The right-of-way hereby granted will afford an easement of travel to the said Taylor Hall from his home-place to another 10 Acre parcel owned by him</u>."

(Emphasis added).

After this deed was recorded among the land records in

Fauquier County, the Solomons acquired the 50-acre parcel that had been owned by Allie and Lillie Hall. The Greenans acquired a quitclaim deed to the 10-acre parcel, and they filed a suit to quiet title. The Greenans obtained fee simple title to the 10-acre parcel as a result of their suit to quiet title. Subsequently, the Solomons refused to permit the Greenans to use the right-of-way that extended over the Solomons' property.

At the conclusion of the Greenans' evidence, the chancellor granted the Solomons' motion to strike. The chancellor held that the Greenans failed to prove that Taylor Hall was the owner of the 10-acre parcel at the time the easement was recorded and, therefore, they did not establish that Hall had, or could have acquired, a property right in the easement. We awarded the Greenans an appeal.

The Greenans observe that they are the successors in interest to Taylor Hall and that the Solomons are the successors in interest to Allie and Lillie Hall. The Greenans contend that the Solomons are legally precluded from asserting that Taylor Hall had no interest in the 10-acre parcel because Allie and Lillie Hall recited in the above-referenced deed that Taylor Hall was the owner of the 10-acre parcel. Thus, the Greenans assert that they are entitled to judgment as a matter of law.

The Solomons, however, argue that the trial court properly granted their motion to strike. The Solomons point out that the Greenans failed to trace their title to Taylor Hall and that the Greenans could identify no deed which named Taylor Hall as the record owner of the 10-acre parcel. Thus, the Solomons assert

that the Greenans failed to prove that Taylor Hall was the owner of the dominant tenement when the deed creating the easement was executed and, therefore, the Greenans failed to establish that the deed created an easement.

The Solomons correctly observe that the easement would have no legal efficacy if Taylor Hall had no legal interest in the 10-acre parcel when the deed was executed. We have said that

> "an easement [is] 'a privilege without profit, which the owner of one tenement has a right to enjoy in respect of that tenement in or over the tenement of another person, by reason whereof the latter is obliged to suffer, or refrain from doing something on his own tenement for the advantage of the former.' Stevenson v. Wallace, 27 Gratt. [77,] 87; Goddard on Easements, 2.

> . . . .

> An easement is a right which is appurtenant to the dominant tenement, and imposed upon the servient tenement; and it is important to mark that it is not imposed upon the person of the servient owner; therefore an obligation upon him to do something for the benefit of the dominant tenement is not an easement."

Tardy v. Creasy, 81 Va. 553, 556-57 (1886).

However, we have already stated that the Greenans have fee simple title to the 10-acre parcel. They acquired their title by proving adverse possession in a suit to quiet title against the heirs of Jonathan Burke. "The ownership thus acquired includes those things which would pass with a transfer by deed . . . . Easements appurtenant to the possessed land are thus acquired." 7 Powell on Real Property § 1017 (1995). Without question, the easement described in the deed is an easement appurtenant to and runs with the land. See Coal Corp. v. Lester, 203 Va. 93, 97-98,

122 S.E.2d 901, 904-05 (1961).

The Solomons admitted below that they are the successors in interest to Allie and Lillie Hall, and the Greenans are the successors in interest to Taylor Hall. And, as we have said:

"It is well established that a party who purports to convey an estate is estopped as against his grantee from asserting anything in derogation thereof. That is to say, a grantor cannot deny his title to the prejudice of his grantee. See School Board v. Smith, 134 Va. 98, 104, 113 S.E. 868, 869 (1922). Similarly, '"those who derive title from or through the parties, ordinarily stand in the same position as the parties, and are bound by every estoppel that would have been binding on the parties."' Richmond Cedar Works v. West, 152 Va. 533, 543, 147 S.E. 196, 199 (1929)."

VEPCO v. Buchwalter, 228 Va. 684, 688, 325 S.E.2d 95, 97 (1985). Applying these principles, we hold that the Solomons, who derived title ultimately from Allie and Lillie Hall, may not assert any fact in derogation of the easement that Allie and Lillie Hall conveyed to Taylor Hall. Simply stated, the Solomons may not assert that Taylor Hall did not own the 10-acre parcel when the deed creating the easement was executed because such assertion would be in derogation of the easement that Allie and Lillie Hall granted to Taylor Hall. We also note that the Solomons had, at the very least, record notice of the existence of the easement because it was recorded among the land records in Fauquier County prior to the Solomons' acquisition of title. See Porter v. Wilson, 244 Va. 366, 369, 421 S.E.2d 440, 442 (1992).

Alternatively, the chancellor held that even if the Greenans established that Taylor Hall had owned the 10-acre parcel, the Solomons are, nonetheless, entitled to judgment because the deed was intended merely to grant access between the 40-acre and the

10-acre parcels of land, and the Greenans intend to use the easement to access a public highway. The Solomons assert that the Greenans' "only motivation for initiating this action originally, and continuing it, is to obtain a right of way over Solomon to the public highway."

We disagree with the Solomons. The second paragraph in the above-referenced deed granted and conveyed to Taylor Hall "a right-of-way and easement of travel 2360 feet more or less in length over the old existing private roadway." This language created a clear and unambiguous right to use the right-of-way without any limitation on the ultimate terminus of the right-of-way.

It is true, as the chancellor observed, that the last sentence of the deed states that: "[t]he right-of-way hereby granted will afford an easement of travel to the said Taylor Hall from his home-place to another 10 Acre parcel owned by him."

However, we have held:
> "It is a settled rule of construction, both in deeds and wills, that if an estate is conveyed, or an interest given, or a benefit bestowed in one part of the instrument, by clear, unambiguous, and explicit words, such estate, interest, or benefit is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was created."

Smith v. Baptist Orphanage, 194 Va. 901, 908, 75 S.E.2d 491, 495-96 (1953) (quoting Gaskins v. Hunton, 92 Va. 528, 531, 23 S.E. 885, 886 (1896)); accord Salley v. Burns, 220 Va. 123, 134, 255 S.E.2d 512, 518 (1979). Thus, the Greenans' motivations are immaterial and cannot divest the Greenans of their property

rights in the right-of-way.

For the foregoing reasons, we hold that the Greenans have a right-of-way and easement as described in the above-referenced deed.  Accordingly, we will reverse the judgment below, and we will enter final judgment here in favor of the Greenans.

<u>Reversed and final judgment</u>.