## CIRCUIT COURT OF FAIRFAX COUNTY

Steven T. Tran,
Sheila Tran,
Tricia Cooper,
and Falls Church
Church of Christ

v.

Fairfax County
Board of Supervisors
and CG Peace Valley, L.L.C.

December 18, 2013

Case No. CL-2013-10098

BY JUDGE ROBERT J. SMITH

This matter comes before the Court on the demurrers and pleas in bar filed by Defendant Fairfax County Board of Supervisors (Defendant Board) and Defendant CG Peace Valley, L.L.C. (Defendant CGPV).

*Background*

Plaintiffs Steven Tran, Sheila Tran, and Tricia Cooper (Plaintiffs Tran) own a townhome located at Vine Forest Court in Falls Church, Virginia. Plaintiff Falls Church Church of Christ (Plaintiff Church) owns property on Leesburg Pike in Falls Church, Virginia. Both properties overlook the site of a proposed development (the Property) which is owned by Defendant CGPV. Currently the Property is undeveloped; however, Defendant CGPV recently announced plans to construct seven single-family homes on the Property.

At issue is an easement (the Bartlett Easement), which Defendant CGPV would like to use as an access point for the Property. The Bartlett Easement is a fifty foot easement that runs between Plaintiff Church and the Vinewood Townhome Community where Plaintiff Tran's townhome is located. This access point would extend onto nearby

Peace Valley Lane and Leesburg Pike. On October 29, 1983, Plaintiff Church and Sleepy Hollow Construction Company (the developer of the Vinewood Townhomes) conveyed the Bartlett easement to the then owners of the Property. Also, on October 29, 1983, Defendant Board acquired a ten foot right-of-way through the Bartlett Easement "for the purpose of establishing a ten foot walkway for public use."

On December 21, 2013, Defendant CGPV submitted an application to rezone the Property from R-3 to PDH-4. "R-3" stands for Residential Unit, three dwelling units per acre. See Fairfax Cnty. Zoning Ordinance, 3-301. "PDH" stands for Planned Development Housing District. See Fairfax Cnty. Zoning Ordinance, 6-101. On May 14, 2013, Defendant Board approved the rezoning of the Property, which included, as part of its decision, its approval of Defendant CGPV's request to access the Property using the Bartlett Easement as a way to connect the Property to Peace Valley Lane and to Leesburg Pike.

Plaintiffs filed their complaint with this Court on June 13, 2013. The Court granted leave to file an amended complaint, which Plaintiffs filed August 5, 2013. Plaintiffs allege standing based on their location to both the Property and the Bartlett Easement and their interest as a member of the Vinewood Homeowner's Association, which, they assert, confers to them an interest in the easement.

On August 7, 2013, Defendant CGPV filed its demurrer and plea in bar to the amended complaint. On August 12, 2013, Defendant Board filed its demurrer and plea in bar to the amended complaint. Both Defendants raised an issue of standing in their demurrers and pleas in bar. This Court held a hearing on the Defendants' motions on October 17, 2013. Thereafter, this Court took the matter under advisement with respect solely to the issue of Plaintiffs' standing.

### Issues Presented

The two questions before the Court on both Defendants' demurrers and pleas in bar are (1) whether Plaintiffs have sufficiently pleaded standing in their amended complaint to withstand demurrer and (2) whether Plaintiffs' standing is a single issue of fact which could alone act to bar Plaintiffs' suit.

### Standard of Review

A demurrer tests the legal sufficiency of a pleading and should be sustained if the pleading fails to state a valid cause of action when viewed in the light most favorable to the plaintiff. Va. Code Ann. § 8.01-273; see Sanchez v. Medicorp Health Sys., 270 Va. 299, 303 (2005). A demurrer must not be sustained, however, if it would short-circuit litigation "without permitting the parties to reach a trial on the merits." Assurance Data, Inc. v. Malyevac, 286 Va. 137, 139 (2013). For the purposes of demurrer, the

court must consider the facts alleged and any reasonable inferences that can be drawn from those facts to be true. *McDermott v. Reynolds,* 260 Va. 98, 100 (2000). "When a complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer." *Assurance Data, Inc.,* 286 Va. 143. The court, in ruling on a demurrer, may consider the facts alleged as amplified by any written attachment added to the record on the motion. *Hechler Chevrolet, Inc. v. General Motors Corp.,* 230 Va. 396, 398 (1985). A court considering a demurrer may, however, ignore a party's factual allegations contradicted by the terms of an authentic, unambiguous document admitted through craving oyer. *Wards Equip., Inc. v. New Holland N. Am., Inc.,* 254 Va. 379, 382 (1997).

A plea in bar is a defensive pleading that reduces the litigation to a single issue . . . which, if proven, creates a bar to the plaintiff's right of recovery." *Cooper Indus., Inc. v. Melendez,* 260 Va. 578, 594 (2000) (quoting *Kroger Co. v. Appalachian Power Co.,* 244 Va. 560, 562 (1992); *Tomlin v. McKenzie,* 251 Va. 478, 480 (1996)). A plea in bar condenses the litigation by narrowing it to a discrete issue of fact that bars the plaintiff's right of recovery when proven. *Tomlin v. McKenzie,* 251 Va. 478, 480 (1996). The burden of proof on the dispositive fact rests on the moving party. *Id.* While the Court will deem facts stated by the plaintiff as true, the Court can also take judicial notice of "generally known or easily ascertainable facts." *Doe v. Doe,* 222 Va. 736, 746 (1981). "The issue raised by a plea in bar may be submitted to the circuit court for decision based on a discrete body of facts identified by the parties through their pleadings or developed through the presentation of evidence supporting or opposing the plea." *Hawthorne v. VanMarter,* 279 Va. 566, 577 (2010).

### Analysis

As a threshold matter, the Court will first analyze this matter as a demurrer. As noted earlier, Defendants presented this issue to the Court as both a demurrer and as a plea in bar. From the Court's review of the case law, it appears many defensive pleadings that involve declaratory judgment actions in the Commonwealth use demurrers to challenge a plaintiff's standing in the controversy. See generally *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors,* 286 Va. 38 (2013); *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Supervisors,* 285 Va. 87 (2013); *Kuznicki v. Mason,* 273 Va. 166 (2007); *Chesapeake Bay Found., Inc. v. Commonwealth,* 46 Va. App. 104 (2005). Thus, the Court feels that it is appropriate to first review this issue as a demurrer.

Pursuant to Va. Code § 8.01-184:

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for.

"A plaintiff has standing to bring a declaratory judgment proceeding if he has 'a justiciable interest' in the subject matter of the litigation, either in his own right or in a representative capacity." *Board of Supervisors v. Fralin & Waldron, Inc.*, 222 Va. 218, 223 (1981) (citing *Lynchburg Traffic Bureau v. Norfolk & W. Ry.*, 207 Va. 107, 108 (1966)).

A plaintiff has a justiciable interest, or standing, in a land use determination if the plaintiff demonstrates one of two things. The plaintiff can have standing if the plaintiff has an "ownership interest in the subject property where the affected property right is readily apparent" or the plaintiff can still have standing despite not having an ownership interest in the subject property by satisfying a two part test:

> First, the complainant must own or occupy "real property within a close proximity to the property that is the subject of" the land use determination, thus establishing that it has "a direct, immediate, pecuniary, and substantial interest in the decision." *Virginia Beautification Comm'n v. Board of Zoning Appeals*, 231 Va. 415, 420 (1986). Second, the complainant must allege facts demonstrating a particularized harm to "some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally." *Virginia Marine Res. Comm'n v. Clark*, 281 Va. 679, 687 (2011).

*Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors*, 286 Va. 38, 48-49 (2013).

In the instant case, Plaintiff Church has standing because Plaintiff Church was a party to the original Bartlett Easement contract; thus, Plaintiff Church has an ownership interest in the Bartlett Easement.

However, Plaintiffs Tran do not have such a clear ownership interest in the land use determination at issue. The Court infers, based on the amended complaint, that Plaintiffs Tran allege standing (1) as a member of the Vinewood Homeowner's Association because, as a member, they have part ownership of the Bartlett Easement, (2) as a homeowner next

to the proposed development on the Property, and (3) as a resident whose street abuts the rezoned easement and Property, which allegedly would be impacted by the rezoning measure. If the first allegation is true, Plaintiffs might be considered to have an ownership interest in the property at issue, which would merit one analysis under *Friends* and would likely confer standing to the Plaintiffs. However, if the first allegation is not true, and merely the remaining two allegations are true, Plaintiffs are considered not to have an ownership interest in the property at issue, which would merit a different analysis under *Friends*.

As pursuant to the Easement Agreement, Plaintiff Church and the predecessor to Vinewood Townhomes ("parties of the first part") conveyed the Bartlett Easement to Sleepy Hollow Construction Company ("parties of the second part"), the predecessor to Defendant CGPV. While the Easement Agreement clearly binds the successors of "the parties of the second part," it does not clearly state that it is binding on the successors of "the parties of the first part." Easement Agreement 1-2. Thus, the Court must determine whether this easement was intended to be appurtenant or in gross in order to determine whether it is binding on the successors of the parties of the first part.

As articulated by the Virginia Supreme Court in *United States v. Blackman*, 270 Va. 68, 77 (2005):

> An easement appurtenant, also known as a pure easement, has both a dominant and a servient tract and is capable of being transferred or inherited. It frequently is said that an easement appurtenant "runs with the land," which is to say that the benefit conveyed by or the duty owed under the easement passes with the ownership of the land to which it is appurtenant. See *Greenan v. Solomon*, 252 Va. 50, 54, 472 S.E.2d 54, 57 (1996); *Lester Coal Corp. v. Lester*, 203 Va. 93, 97, 122 S.E.2d 901, 904 (1961). . . .
>
> In contrast, an easement in gross, sometimes called a personal easement, is an easement "which is not appurtenant to any estate in land, but in which the servitude is imposed upon land with the benefit thereof running to an individual." *Lester Coal Corp.*, 203 Va. at 97, 122 S.E.2d at 904.

In Virginia, an easement is presumed to be appurtenant unless the evidence suggests otherwise. See *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 90 (1999). Based on the documents presented to the Court, it is not clear whether the easement was recorded in the subsequent purchaser's deed. However, since the parties clearly bound the successors of the parties in the second part, practically speaking, the drafters must have intended also to bind the successors to the parties of the first part. Thus, the Court finds this easement to be appurtenant.

When the Court is faced with an easement appurtenant, which was created by a covenant, all parties to the covenant and their successors are considered to have an ownership interest in the land use determination at issue, in this case, the land use determination that affects in part the Bartlett Easement. However, based on the pleadings, it is not clear that the Vinewood Homeowner's Association is a successive owner of the Bartlett Easement. Additionally, the Court finds that, even if the Vinewood Homeowner's Association was a successive owner of the Bartlett Easement, Plaintiffs Tran's membership in the Vinewood Homeowner's Association is too tenuous to confer standing on them based on the hypothetical ownership interest of the Homeowner's Association, which is not a party to this suit.

For this reason, the Court finds that Plaintiffs' membership in the Homeowner's Association does not *per se* give them part ownership in the Bartlett Easement. Given this, the Court must regard Plaintiffs Tran as not having an ownership interest in the land use determination at issue and must next turn to the two-part test articulated in *Friends.*. See *Friends of the Rappahannock*, 286 Va. at 48.

The first prong of the *Friends* test asks whether the complainant owns or occupies real property within a close proximity to the property that is the subject of the land use determination, thus establishing that it has "a direct, immediate, pecuniary, and substantial interest in the decision." See *id.* (citing *Virginia Beautification Comm'n v. Board of Zoning Appeals*, 231 Va. 415, 420 (1986)). It seems clear from both the pleadings and the evidence presented to the Court that the Plaintiffs Tran's property is within close proximity to both the Bartlett Easement and to the Property where the proposed development will be constructed.

The second prong of the *Friends* test asks whether the complainant alleges facts that demonstrate "a particularized harm to 'some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally'." *Friends of the Rappahannock*, 286 Va. at 48 (citing *Virginia Marine Res. Comm'n v. Clark*, 281 Va. 679, 687 (2011)). "Complainants do not need to establish that the particularized harm has already occurred." *Friends of the Rappahannock*, 286 Va. at 49 (citing *Charlottesville Area Fitness v. Albemarle Cnty. Bd. of Supervisors*, 285 Va. 87, 98 (2013)). Yet "absent an allegation of injury or potential injury not shared by the general public, complainants have not established standing to bring a declaratory judgment action in a land use case." *Friends of the Rappahannock*, 286 Va. at 49.

The case at bar is strikingly similar to the *Friends* case. While *Friends* involved the issuance of a permit rather than a rezoning issue, the rezoning of the Bartlett Easement was only from R-3 to PDH-4. The distinction between the two types is minimal. Both are intended for residential use; the main purpose of zoning a property for PDH is to promote the efficient use of space and a "balanced development of mixed housing types."

Fairfax Cnty. Zoning Ordinance, 6-101. Defendant Board followed the appropriate protocol for rezoning the Property, the rezoning was considered by the Mason District Land Use Committee, the Fairfax County Planning Commission held a public hearing on the application, and Defendant Board held a public hearing on the application. Am. Compl. ¶¶ 14-16. Thus, like *Friends*, where the land use at issue was already zoned for industrial use, the property at issue in our present case already was zoned for residential use. The harm or the imposition of a burden that the rezoning weighs on Plaintiffs, therefore, is minimal.

Also like *Friends*, this case involves an alleged interference with a right-of-way across property. In *Friends*, one of the Plaintiffs claimed that the land use decision affected her right-of-way access to the river from her property. However, the Court did not find that this impact was an impact different from that suffered by the public generally. *Friends of the Rappahannock*, 286 Va. at 49-50. Similarly, in our present case, the land use decision allegedly interferes with the Plaintiffs' alleged ownership interest in the Bartlett Easement. However, as discussed previously, the connection is too tenuous to conclude that Plaintiffs have an ownership interest in the Bartlett Easement through their membership in the Vinewood Homeowner's Association when it is not even entirely clear from the pleadings that the Vinewood Homeowner's Association itself has an ownership interest in the Bartlett Easement. Thus, Plaintiffs Tran's argument that this land use decision will affect them differently than that of the general public is even less compelling than the harm alleged in *Friends* because Plaintiffs Tran do not have an ownership interest in the easement at issue. The Court finds that Plaintiffs Tran's alleged harm is no different than that of any other member of the general public.

Moreover, the Court reads the Easement Agreement as only setting minimal limitations on the parties of the second part in their use of the Bartlett Easement. The Easement Agreement sets forth, in this pertinent part, the following:

> The Owners do grant and convey unto the parties of the second part, their successors and assigns a *fifty foot easement* and right-of-way *for the purpose of ingress and egress to and from their adjoining property* being more particularly bounded and described on the plat attached hereto. . . . The easement is subject to the following conditions:
>
> 1. *All appurtenant facilities installed in the easement* and right-of-way *shall be and remain the property of the parties of the second part*, their successors, and assigns.
>
> 2. *The parties of the second part shall have full and free use of the said easement* and right-of-way for the purposes named and shall have all rights and privileges reasonably necessary to the exercise of the easement and right-of-way including the

> right of access to and from the right-of-way, and further, *this right shall not be construed to allow* the parties of the second part to *erect any building or structure* of a permanent nature *on such adjoining land.*

Easement Agreement 1-2 (emphasis added). The agreement stipulates that the easement's purpose is for ingress and egress to the Property. The only limitation evident to the Court is that the parties of the second part should not erect any building or structure of a permanent nature on such adjoining land [to the Bartlett Easement]. *Id.* at 1. Nothing presented to the Court through the pleadings suggests that the proposed usage of the Bartlett Easement contemplates going beyond the fifty foot easement allowance; even the Plaintiffs' amended complaint acknowledges that Defendant CGPV "has proffered to construct [an] approximately 30-foot wide private street on the Bartlett Easement." Am. Compl. ¶ 22. This proposal is well within the fifty-foot allowance expressly allowed by the Bartlett Easement. The Bartlett Easement allowed for full and free use of the easement and only included limitations on erecting permanent buildings and structures on adjoining land. If the drafters of the Bartlett Easement intended to limit the erection of permanent structures on the Bartlett Easement itself they would have included such a limitation in the document. Plaintiffs contend that paving the road "to public street standards" will characterize the Bartlett Easement as a public thoroughfare, thus increasing the usage of it by the public, which was not allowed by the Bartlett Easement Agreement. Am. Compl. ¶ 87. The Court is not persuaded by this conclusory allegation.

Finally, the case at bar fails to provide specific facts that the particularized harms suffered by the Plaintiffs will be different from that of the general public. The alleged harm that the development of the Property will inhibit the view from the Plaintiffs' home is not sufficient. See *Friends of the Rappahannock*, 286 Va. at 43 (stating that four of the individual complainants lived across the river (about 1,500 feet from the property) and complained that the site will harm the scenic beauty of their property. The Court was not persuaded by this alleged harm.) Plaintiffs contend that the present case differs from *Friends* because Plaintiffs' property is substantially closer than 1,500 feet from the rezoned Property and the Bartlett Easement. The Court is not persuaded that this fact alone sufficiently states a particularized harm.

The alleged harm incurred by the installation of the traffic channelization device on Plaintiffs Tran also is not persuasive to this Court for two reasons: (1) Plaintiffs Tran do not have an ownership interest in the Bartlett Easement and (2) even if Plaintiffs Tran had an ownership interest, Virginia law is clear that, even if the landowner is inconvenienced by the traffic channelization device, he has no remedy if it is designed to serve the public. See *State Highway Comm'r v. Howard*, 213 Va. 731, 732 (1973).

Plaintiffs Tran have not pleaded a particularized harm sufficient to establish standing. Thus, Defendants' demurrer is sustained as to the Plaintiffs Tran. Since Defendants' demurrer is sustained as to Plaintiffs Tran, the Court need not address Defendants' pleas in bar regarding Plaintiffs Tran.

## Conclusion

The Defendants' demurrers and pleas in bar to the amended complaint with respect to Plaintiff Church are denied. The Defendants' demurrer to the amended complaint with respect to Plaintiffs Tran are sustained. Plaintiffs Tran are given leave to amend their amended complaint to plead a more particularized harm that is different from that suffered by the public generally. Plaintiffs Tran shall have twenty-one days from the date of this letter to file a second amended complaint.